## MEYERS a. TRIMBLE.

*New York Common Pleas; Special Term, January, 1855; Again, February, 1855.*

ADMISSION OF PART OF PLAINTIFF'S CLAIM.—SATISFACTION.

I. Where defendant by answer admits a part of plaintiff's claim to be just, an order requiring him to satisfy such part, will be made in the Common Pleas, notwithstanding that the defendant has made an offer in writing to allow the plaintiff to take judgment for the sum admitted to be due.

II. Such an order will be enforced by attachment, if necessary.

I. *January.*—Motion that defendant be required to satisfy a part of plaintiff's claim, admitted by his answer to be just.

No defence was made to the complaint in this action, but a counter-claim was interposed, leaving however a balance due to the plaintiffs of $310. The defendant offered to let the plaintiff take judgment for that amount.

The plaintiff however moved under § 244 of the Code for an order directing the defendants to pay the amount admitted to be due.

*A. Mathews*, for the motion.

*Meeks & Waite*, opposed.

INGRAHAM, F. J.—The defendants by their answer, do not deny the plaintiff's claim, but set up, as a counter-claim, moneys due to him, leaving a balance due from the defendants exceeding three hundred dollars. To this there is no defence pretended, and under any circumstances the plaintiff would be entitled to recover that amount. The defendants have also offered to permit the plaintiff to take judgment for the same sum.

Meyers *a.* Trimble.

The plaintiff now moves for an order directing the defendant to pay the amount admitted to be due.

It would be necessary, before such an order could be made, to ascertain clearly that the defendant made no defence to that portion of the claim, and when that is established, there can be no cause why the defendants should not be required to make payment. If the defendants have a counter-claim to the plaintiff's demand, sufficient remains to protect them in case of a recovery. Any other rule would enable a defendant, by setting up a counter-claim for a small amount, to deprive his creditor for a long time of his rights, to which in reality no defence existed.

It was said the Superior Court had decided otherwise, in Dolan *v.* Petty, (4 *Sand. S. C. R.* 673), but in that case there was not a distinct admission of a balance being due, and the discretion of the court was properly exercised in refusing that motion.* A case recently decided was also referred to; but as the same has not been submitted to me, I am unable to see whether it is applicable to this motion or not.

It was also suggested that there was difficulty in enforcing such an order, and, therefore, it should be refused; but such a reason is not a good one to warrant us in refusing to make it. If the order cannot be enforced, the defendants will reap the benefit of the defect in the law. No difficulty however, need be anticipated on that part of the proceeding.

I see no reason for refusing the motion. The same is granted.

II. *February.*—Motion in the same case for an attachment.

---

* In Smith *v.* Olssen, (4 *Sand.* 711), Duer, J., on advisement with all the justices of the Superior Court, laid down the general rule, that that court will not make any order for payment by the defendant under the last clause of subdivision five of section 244 of the Code upon his admission in the answer, where it is made to appear that the defendant has, *previous to answering*, made to the plaintiffs an offer in writing, allowing him to take judgment for the sum admitted to be due by the answer, as prescribed in section 385. In the present case the offer was served Dec. 7, 1854. The answer was verified on the same day; but whether the offer, or answer was first served, does not appear, from the motion papers.

The case referred to as "recently decided," in the same court, was, we believe, that above stated.

The defendant having for more than twenty days neglected to obey the order of Ingraham, J., above mentioned, the plaintiff moved for an attachment to enforce his obedience to it.

*A. Matthews*, for the motion. An attachment is a provisional remedy, within the meaning of section 244.

*A. Waite*, opposed. If an order like this can be enforced by attachment, it is done in direct contravention of the statute abolishing imprisonment for debt. The court should not enforce by attachment, the payment of a mere debt, but should confine that remedy to cases where its use is necessary in order to reach a specific fund; and to cases of fraud, trust, and the like. If we are honest enough to admit that a sum is due, then by the plaintiff's argument, we are to be imprisoned if we have not the means of paying it; whereas if we had denied it, or let the case go by default, we could never have been imprisoned. Both the statutes are to be taken together; and section 244 is to be construed in favor of liberty. The plaintiff may enforce this payment by execution on final judgment.

[DALY, J.—That is not enforcing it as a provisional remedy.] The Code points out those cases in which a party may be arrested; and in no part of its provisions does it contemplate that the humane provisions of the act of 1821, shall be abrogated. It was never intended that a plaintiff should have any other right than to issue execution against the property of a debtor, to enforce the payment of a mere debt.

*Matthews.*—The Code has been passed since the act of 1821, and governs its construction. The answer admits a part of the debt to be due, and we are entitled by the provisions of section 244, to compel its payment by attachment.

DALY, J.—(Orally). The granting of this attachment does not necessarily conflict with the law abolishing imprisonment for debt. The Code declares that where the answer admits a part of the plaintiff's claim to be due, the court may enforce an order directing the defendant to satisfy so much of the

claim, in the same way as it enforces a provisional remedy; that is, by attachment. Such an order has been made. The defendant has neglected to comply with it, within the time given to him, and the plaintiff is entitled to an attachment, for presumptively the defendant is in contempt.

There need be no conflict with the law abolishing imprisonment for debt. Upon the return of the writ the defendant may purge his contempt. He may satisfy the court of his pecuniary inability to comply with the order, and if he does so, the court would undoubtedly discharge the attachment.

Motion granted.

---

## MERRITT *a*. THOMPSON.

*New York Common Pleas; General Term, January*, 1855.

ADMISSION OF PART OF PLAINTIFF'S CLAIM.—SATISFACTION.

When a fund in litigation has been brought into court, and the answer of defendant admits a part of it to be due to the plaintiff, but disputes his claim to the residue, —the court may order the sum admitted to be due to be paid over to the plaintiff without prejudice to his further claims.

Previous offers by the defendant to pay that sum to the plaintiff, in full satisfaction of his claims, form no reason why such an order should be refused.

The distinction between an offer on the part of defendant to let judgment be taken against him for a specified sum, and his admission by answer that a part of plaintiff's claims is just.

*It seems,*—that the general term should not on appeal from an order directing the payment of money admitted to be due to the plaintiff, review the discretion exercised at special term in respect to conditions on which the order should be granted.

Appeal from an order at special term directing payment to plaintiff of moneys admitted to be due to him.

The plaintiff set forth in his complaint that the defendant was indebted to him for the proceeds of the sale of the plaintiff's interest in the ship Mischief, and also for earnings of the ship; which proceeds and earnings defendant had received as agent of the plaintiff, and had been deposited by him to his own credit with his bankers. He prayed and obtained an injunction forbidding the defendant to interfere with the deposits.

The answer admitted that a certain sum was due the plaintiff, but denied the residue of his claim.